# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:12cv246

**JAMES R. LEBLOW**

|                                          |   |                        |
| ---------------------------------------- | - | ---------------------- |
|                                          | ) |                        |
| **Plaintiffs,**                          | ) |                        |
|                                          | ) |                        |
| **v.**                                   | ) | **MEMORANDUM AND**     |
|                                          | ) | **RECOMMENDATION**     |
|                                          | ) |                        |
| **BAC HOME LOANS SERVICING LP,**         | ) |                        |
| **et al.**                               | ) |                        |
|                                          | ) |                        |
| **Defendants.**                          | ) |                        |
| _____ | ) |                        |

Pending before the Court are the Defendants' Motions to Dismiss [# 13, # 14 & # 32]. Plaintiff, who is proceeding *pro se,* brought this action against various Defendants asserting sixteen claims related to the foreclosure of residential property in North Carolina. Defendants move to dismiss all the claims asserted in the Complaint. Upon a review of the parties' briefs, the record, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT** the motions [# 13, # 14 & # 32].

## I. Background[1]

On April 15, 2005, an employee of Defendant Ratestar, Inc.[2] ("Ratestar") initiated an unsolicited telephone conversation with Plaintiff's wife in order to persuade her to refinance the mortgage for their principal residence, which was located in Lake Toxaway, North Carolina.  (Pl.'s Compl. ¶¶ 1, 22.)  This employee represented to Plaintiff's wife that Defendant Ratestar could offer the best deal on refinancing because it could offer wholesale mortgage rates and had a duty to offer her the most favorable mortgage available.  (Id. ¶ 23-24.)  In addition, this employee represented to Plaintiff's wife that Defendant Ratestar could save her thousands of dollars on her mortgage, reduce her monthly payments, and allow her to pay off her mortgage in fifteen years.  (Id. ¶ 25.)  Finally, this employee told Plaintiff's wife that she could refinance the mortgage on the home without the consent or approval of Plaintiff.  (Id. ¶ 26.)

Approximately a month later, on May 20, 2005, Plaintiff's wife executed a promissory note (the "Note") payable to Defendant Ratestar.  (Id. ¶ 27.)  Plaintiff, however, did not execute the Note.  (Id. ¶¶ 27-28, 31, 68.)  The Note was secured

1       For purposes of ruling on the Motions to Dismiss, the Court has construed all the well-pled factual allegations in the Complaint in the light most favorable to Plaintiff, as is required when ruling on a motion to dismiss.  See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009).  The Court, however, has disregarded the numerous legal conclusions, conclusory allegations, and bare assertions contained in the Complaint.  Id. at 255.

2       Plaintiff alleges that Defendant Ratestar was a subsidiary of Defendant Homeowners Loan Corp until May 2006, when it became a subsidiary of Defendant US Mortgage Corporation.  (Pl.'s Compl. ¶¶ 4-5.)

by a deed of trust (the "Deed of Trust"), which was executed by both Plaintiff and his wife. (<u>Id.</u> ¶¶ 27-28.) Plaintiff alleges that immediately upon execution of the Deed of Trust, Plaintiff verbally rescinded his signature to the Deed of Trust. (<u>Id.</u> ¶¶ 29, 31.) Plaintiff also alleges that neither he nor his wife were provided copies of the "Special Information booklet" at the time of the loan application, and that there is no evidence that Defendant Ratestar endorsed the Note. (<u>Id.</u> ¶¶ 30, 34, 54.)

After Plaintiff's wife closed on the mortgage, her mortgage was immediately sold and placed into a Pooling and Servicing Agreement. (<u>Id.</u> ¶ 36.) Defendant Bank of New York-Mellon ("Bank of New York") was appointed as the Trustee of the Real Estate Mortgage Investment Conduit containing Plaintiff's wife's mortgage. (<u>Id.</u> ¶¶ 37-39.) Plaintiff contends that the Real Estate Mortgage Investment Conduit containing his wife's mortgage was converted into a stock and, thus, the lender can no longer claim an interest in the real property, the Note could no longer be reassigned, and no party could foreclosure on the property. (<u>Id.</u> ¶¶ 41-81.) In addition, the Complaint contains allegations that Defendant Mortgage Electronic Registration Systems, Inc. ("MERSCORP") - a nationwide mortgage documentation system established by the banking industry - was involved in the transfer and/or assignment of the Note, and that its involvement also renders the

Note unenforceable.  (Id. ¶¶ 64-66, 68-78.)

At some point after closing on the mortgage, Plaintiff's wife defaulted on the Note.  (Id. ¶ 51.)  A Notice of Foreclosure Sale was then published in the Transylvania Times on Monday, July 12, 2010, by Defendant Brock and Scott, PLLC as the Substitute Trustee.  (Ex. E to Pl.'s Compl.; Pl.'s Compl. ¶ 33.)  On February 11, 2011, Plaintiff sent a letter to Defendant Bank of America Corporation Loan Servicing L.P.[3] ("BAC Home Loan") pursuant to Section 6 of the Real Estate Settlement Procedures Act requesting copies of all documents pertaining to the mortgage.  (Pl.'s Compl. ¶ 19; Ex. A to Pl.'s Compl.)   Defendant BAC Home Loan did not respond to Plaintiff's request within twenty business days.  (Pl.'s Compl. ¶ 20.)   A foreclosure hearing was subsequently held in the Superior Court of Transylvania County, North Carolina, and the Superior Court issued an Order to Allow Foreclosure Sale.  (Ex. A to Def. Bank of America's Mot. Dismiss.)  In its Order, the Superior Court found that Defendant Brock & Scott, PLLC could give notice and conduct a foreclosure sale.  (Id.)  The property was subsequently sold at a foreclosure sale on August 17, 2012.  (Ex. B to Def. Bank of America's Mot. Dismiss.)

As a result of the foreclosure of the property, Plaintiff brought this action

---

3       The Complaint alleges that Defendant BAC Home Loan is a subsidiary of Defendant Bank of America. (Pl.'s Compl. ¶¶ 2-3.)

against Defendants asserting sixteen claims. Counts One through Nine assert claims pursuant to the Truth in Lending Act ("TILA") and the implementing regulations. Counts Ten and Twelve assert claims pursuant to the Real Estate Settlement Procedures Act ("RESPA"). Count Eleven asserts a claim pursuant to the Fair Debt Collections Practices Act. Count Thirteen asserts a claim for slander of title or to quiet title. Counts Fourteen and Sixteen assert claims for fraud and unfair and deceptive trade practices. Count Fifteen asserts a claim for negligent supervision.[4] Each of the Defendants move to dismiss the Complaint in its entirety on various grounds. Defendants' motions are now before the Court for a Memorandum and Recommendation to the District Court.

## II.    Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendants' motions, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a

---

4        The Complaint also names Countrywide Home Loans, Inc. ("Countrywide") as a Defendant. It is unclear from the Complaint, however, what role, if any, Defendant Countrywide had in either the mortgage or foreclosure.

cause of action, and bare assertions devoid of further factual enhancement . . . ."
Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256;

Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

Where, a party's allegations sound in fraud, however, the allegations must also satisfy the heightened pleading standards of Rule 9. Cozzarelli v. Inspire Pharmaceuticals Inc., 549 F.3d 618, 629 (4th Cir. 2008); Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Rule 9(b) provides that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9 applies not only to claims asserting common law fraud, but to all claims where the allegations have the substance of fraud. Cozzarelli, 549 F.3d at 629. A claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim if it does not comply with Rule 9(b). Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 n.5 (4th Cir. 1999).

### IV.     Analysis

**A.      The Motion to Dismiss Filed by Defendants Bank of America, BAC Home Loans, The Bank of New York, MERSCORP, and Countrywide**

Defendants Bank of America, BAC Home Loans, The Bank of New York,

MERSCORP, and Countrywide (collectively, "Bank of America Defendants")
move to dismiss the claims asserted in Plaintiff's Complaint on a number of
grounds. As discussed below, all of the claims asserted in the Complaint against
the Bank of America Defendants are subject to dismissal.

<u>1.</u>     the Rooker-Feldman doctrine

The <u>Rooker-Feldman</u> doctrine generally prohibits federal district courts from
reviewing the decisions of state courts in cases other than habeas corpus actions.
<u>Jordahl v. Democratic Party of Va.</u>, 122 F.3d 192, 199 (4th Cir. 1997). "Under the
*Rooker-Feldman* doctrine, a "party losing in state court is barred from seeking
what in substance would be appellate review of the state judgment in a United
States district court.'" <u>American Reliable Ins. Co. v. Stillwell</u>, 336 F.3d 311, 316
(4th Cir. 2003) (<u>quoting</u> <u>Johnson v. De Grandy</u>, 512 U.S. 997, 1005-06, 114 S. Ct.
2647 (1994)). The doctrine applies to both claims that are presented or adjudicated
by the state court and to claims that are inextricably intertwined with the judgment
of a state court. <u>Jordahl</u>, 122 F.3d at 199. Because the doctrine is jurisdictional,
the Court must examine it first before proceeding to the merits of the claims.
<u>American Reliable</u>, 336 F.3d at 316.

A number of Plaintiff's claims are barred by the <u>Rooker-Feldman</u> doctrine
because the claims either ask this Court to review or pass judgment on a state court

decision or are inextricably intertwined with the judgment of the state court. On September 6, 2012, the Superior Court of Transylvania County entered an Order allowing the foreclosure sale on the property at issue. (Ex. A to Def. Bank of America's Mot. Dismiss.) The Superior Court found that Defendant Bank of New York was the holder of the Note, that the Note evidences a valid debt owed by Plaintiff's wife, that the Note was in default, that the holder of the Note had the right to foreclose on the property under a power of sale, that notice of the foreclosure hearing was provided, and that Plaintiff's wife did not show any valid legal reason why foreclosure should not commence. (Id.) Pursuant to the Rooker-Feldman doctrine, this Court lacks jurisdiction to consider any claim that would require this Court to pass judgment on the Superior Court's Order. American Reliable, 336 F.3d at 316. Moreover, Plaintiff may not utilize this federal action to seek appellate review of the Order allowing the foreclosure sale. Id.

Count Eleven alleges that the foreclosure was unlawful because none of the Defendants were the holder of the Note. (Pl.'s Compl. ¶¶ 117-124.) Count Thirteen asserts a claim for slander of title based on allegations that the Defendant Bank of New York did not have an enforceable claim or interest in the Note and lacked standing to foreclose on the property. (Id. ¶¶ 135, 142.) The Complaint also alleges that the foreclosure was invalid and unlawful. (Id. ¶ 139-140.)

Counts Fourteen and Sixteen assert claims for fraud and unfair trade practices based on the alleged unlawful foreclosure. (Id. ¶ 145-147, 164-166.) For example, Plaintiff alleges that "[t]he material representations to the Plaintiff were made so that the Court and the Plaintiff would believe that the Defendants had a legitimate claim in the property." (Id. ¶ 166.) Each of these claims is barred by the Rooker-Feldman doctrine because the claim either directly challenges the Superior Court's Order allowing the foreclosure sale or would require this Court to invalidate the findings made by the Superior Court. Other federal courts considering similar claims arising out of the foreclosure context have found that the Rooker-Feldman doctrine barred the federal claims. See Suntrust Mortg., Inc., Civil Action No. 5:10CV1-RLV, 2012 WL 5023109 (W.D.N.C. Oct. 16, 2012) (Voorhees, J.); Taylor-Todd v. Shaprio, Civil No. 1:13-cv-00078-MR-DLH, 2013 WL 1562496 (W.D.N.C. Apr. 12, 2013) (Reidinger, J.); Harris v. Suntrust Mortg., Inc., No. 12-cv-378, 2013 WL 1120846 (M.D.N.C. Mar. 18, 2013). Rather than file this action challenging the Order to Allow Foreclosure Sale, Plaintiff should have raised these issues in the Superior Court or pursued his remedies in state court. Accordingly, each of these claims is subject to dismissal because the Court lacks jurisdiction to hear the claims. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 4] and dismiss without prejudice Counts

Eleven, Thirteen, Fourteen, and Sixteen.

> 2.    the Truth in Lending Act claims

Counts One through Nine assert causes of action pursuant to the TILA and the implementing regulations.  The purpose of the TILA act is "to assure a meaningful disclosure of credit terms so that the consumers will be able to compare more readily the various credit terms available . . . and avoid the uninformed use of credit. . . ." 15 U.S.C. § 1601(a).  "As such, TILA requires that a creditor make certain material disclosures at the time the loan is made."  Gilbert v. Residential Funding LLC, 678 F.3d 271, 276 (4th Cir. 2012).  The TILA provides for both the right of rescission of a loan in certain circumstances, 15 U.S.C. § 1635(a), and for damages, 15 U.S.C. § 1640(a).

Claims seeking civil damages are governed  by a one year statute of limitations, and must be brought within one year of the date of the occurrence of the violation.  15 U.S.C. § 1640(e).  "[A] claim for damages under [the] TILA . . . is subject to a one-year limitations period that begins to run from the date the loan closed."  In re Cmty Bank of N. Va., 622 F.3d 275, 303 (3rd Cir. 2010).  In contrast, a claim for rescission has a three year statute of limitations, which runs from the "date of consummation of the transaction."  15 U.S.C. § 1635(f).  In order to exercise the right to rescind, the consumer must notify the creditor in

writing of the rescission within three years of the closing of the loan; the consumer need not actually file the civil action within three years. Gilberts, 678 F.3d at 276-77.

All of Plaintiff's TILA claims, whether subject to the one year or three year statute of limitations period are untimely and subject to dismissal. Plaintiff's wife closed on the loan at issue on May 20, 2005. Plaintiff, however, did not bring this action until August 14, 2012, over seven years after the alleged occurrence of the violations. Moreover, there are no allegations that Plaintiff provided Defendants with written notice of rescission pursuant to Section 1635(f) within three years of the closing. Accordingly, all of Plaintiff's TILA claims are time-barred.[5] The Court **RECOMMENDS** that the Court **GRANT** the Motion to Dismiss [# 4] as to Counts One through Nine. In addition, to the extent that Count Ten asserts a TILA claim, it is also subject to dismissal.[6]

### 3.    the Real Estate Settlement Procedures Act

The Real Estate Settlement Procedures Act provides for the disclosure of certain information to the loan applicant both at the time of application and upon the assignment, sale, or transfer of the servicing of the loan to another person. 12

---

5        The Complaint does not contain factual allegations that could support an equitable tolling argument. See e.g. Grant v. Shapiro & Burson, LLP, 871 F. Supp. 2d 462, 470 n.10 (D. Md. 2012) (discussing equitable tolling in the context of a RESPA claim).

6        It is unclear whether Count Ten asserts a claim pursuant to TILA or RESPA. Either way, the claim is subject to dismissal.

U.S.C.A. § 2605.  In addition, a loan servicer must respond to any qualified written request by a borrower within a specified time period.  12 U.S.C. § 2605(e). Finally, Plaintiff also cites Section 2610, which prohibits the imposition of fees for preparation of the truth in lending, uniform settlement, and escrow account statements.  12 U.S.C. § 2610.  Violations of RESPA are subject to either a one or three year statute of limitations.  12 U.S.C. § 2614.   Thus, like Plaintiff's TILA claims, any claims related to the failure to disclose required information at closing (Count X) are barred by the applicable statute of limitations.

To the extent Plaintiff's claims are based on the alleged failure of Defendants to disclose the assignment, sale, or transfer of the servicing of the loan within the three years prior to the filing of the Complaint or the failure to respond to a qualified written request during this time period, such claims would not be time barred.  These claims, however, fail for another reason – Plaintiff lacks standing to bring suit under RESPA because he did not sign the Note.  Pursuant to the express language of the statute, civil liability under RESPA is limited to borrowers.  12 U.S.C. § 2605; Correa v. BAC Home Loans Servicing LP, 853 F. Supp. 2d 1203, 1207 (M.D. Fla. 2012); Johnson v. Ocwen Loan Servicing, 374 F. App'x 868, 874 (11th Cir. 2010) (unpublished).   Plaintiff is not a borrower; he did not sign the Note and was not a party to the loan at issue.  Rather, any such claims

must be asserted by Plaintiff's wife, the sole borrower. Accordingly, Plaintiff

lacks standing to assert a RESPA claim. Correa, 853 F. Supp. 2d at 1207; Mitchell

v. Mortg. Elec. Registration Sys., Inc., No. 1:11-cv-425, 2012 WL 1094671, at *2

(W.D. Mich. Mar. 30, 2012); Stolz v. OneWest Bank, No. 03:11-cv-00762-HU,

2012 WL 135424, at *4-5 (D. Or. Jan. 13, 2012); Mashburn v. Wells Fargo Bank,

NA, No. C11-0179-JCC, 2011 WL 2940363, at *3 (W.D. Wash. Jul 19, 2011);

Singh v. Wells Fargo Bank N.A., No. Civ 2:11-cv0401-GEB-JFM (PS), 2011 WL

2118889, at *4 (E.D. Cal. May 27, 2011); Thomas v. Guild Mortg. Co., No. CV

09-2687-PHX-MHM, 2011 WL 676902, at *4 (D. Ariz. Feb. 23, 2011); Alexander

v. Bank of Am., No. 09 C 4948, 2010 WL 152045, at *2 (N.D. Ill. Jan. 15, 2010).

The Court **RECOMENDS** that the District Court **GRANT** the Motion to Dismiss

[# 4] as to Counts Ten and Twelve.

### 4. negligent supervision

Count Fifteen asserts a claim for negligent supervision under North Carolina

law. In order to prevail on a negligent supervision claim in North Carolina, a

Plaintiff must prove: (1) that an incompetent employee; (2) committed the

underlying negligent act; (3) which causes the complained injury to the plaintiff;

and (4) that the employer had either actual or constructive notice of the employee's

incompetency prior to the commission of the underlying negligent act. Cloaninger

v. McDevitt, 555 F.3d 324, 337 (4th Cir. 2009); Smith v. First Union Nat'l Bank, 202 F.3d 234, 249-250 (4th Cir. 2000). Here, the Complaint fails to set forth factual allegations supporting each element of a negligent supervision claim. The Complaint neither sets forth which employee of the Bank of America Defendants committed a tortious act nor specifies which underlying act the unspecified employee committed. Even assuming that the Court could infer from the Complaint that the acts in question were the various torts Plaintiff alleges the Bank of America Defendants committed, the Complaint still fails because it contains no factual allegations suggesting that the Bank of America Defendants had either actual or constructive knowledge of an employee's incompetency prior to the occurrence of the alleged acts, as required to state a claim for negligent supervision in North Carolina. Cloaninger, 555 F.3d at 337; Smith, 202 F.3d at 250. The conclusory allegations in the Complaint are insufficient to state a claim for negligent supervision. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the motion [# 4] as to Count Fifteen.

     5.     The fraud based claims

Counts Fourteen and Sixteen assert claims sounding in fraud. As previously discussed, the Court lacks jurisdiction over these claims pursuant to the Rooker-Feldman doctrine. To the extent that this Court does in fact have jurisdiction over

any of the claims contained in Counts Fourteen and Sixteen, such claims are still subject to dismissal as Plaintiff failed to plead fraud with particularity as required by Rule 9(b). Moreover, Plaintiff may not assert claims on behalf of his wife. Plaintiff's wife is not a party to this action and Plaintiff may not assert fraud claims on her behalf. Accordingly, even if the claims contained in Counts Fourteen and Sixteen were properly before the Court, they would be subject to dismissal for failure to state a claim.

## B. The Motion to Dismiss Filed by Defendant Homeowners Loan Corporation

Defendant Homeowners Loan Corporation ("Homeowners Loan") moves to dismiss all the claims asserted against it in the Complaint. For the same reasons that the claims asserted against the Bank of America Defendants fail, the claims asserted against Defendant Homeowners Loan Corporation also fail. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 32] filed by Defendant Homeowners Loan Corporation and dismiss all the claims asserted against it in the Complaint.

## C. The Motion to Dismiss filed by Defendant Brock and Scott, PLLC

Defendant Brock and Scott, PLLC also moves to dismiss the claims asserted against it in the Complaint. As a threshold matter it is not clear from the Complaint whether Plaintiff intended to only assert Count Eleven against

Defendant Brock and Scott, PLLC or he intended to assert all the claims against Defendant Brock and Scott, PLLC. To the extent that Plaintiff intended to assert all sixteen claims against Defendant Brock and Scott, PLLC, the Complaint fails to allege sufficient factual allegations setting forth how Defendant Brock and Scott, PLLC, as opposed to the other defendants, are liable for the numerous claims asserted in the Complaint and, thus, are subject to dismissal. Regardless of whether Plaintiff intended to assert just Count Eleven against Defendant Brock and Scott, PLLC or all sixteen claims, the claims are also subject to dismissal for the same reasons that the claims asserted against the Bank of America Defendants are subject to dismissal. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 13] filed by Defendant Brock and Scott, PLLC and dismiss all of the claims asserted against it in the Complaint.

## V. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motions to Dismiss [# 13, # 14 & # 32] and **DISMISS** the claims asserted in the Complaint against Defendants Bank of America, BAC Home Loans Servicing, LP, The Bank of New York-Mellon, MERSCORP, and Countrywide Home Loans Inc., Home Owners Loan Corporation, and Brock & Scott, PLLC.

Signed: May 2, 2013

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).